JONATHAN CARY *vs.* PITT HOLMES & others.

A stockholder in a corporation, the officers of which did not make the certificate and publications required by Rev. Sts. *c.* 38, §§ 16, 22, cannot, after the enactment of the Gen. Sts., maintain a bill in equity against other stockholders to compel contribution by them of a proportionate share of a debt due from the corporation and voluntarily paid by him, unless it is shown that a judgment thereon has been obtained by the creditor against the corporation, and there has been a failure to satisfy the same on demand upon the corporation, or from property of the officers, or unless it appears that an attempt to collect the debt in the mode pointed out by Gen. Sts. *c.* 60, §§ 32–34, would have been unavailing, if made.

BILL IN EQUITY, commenced September 15, 1860, setting forth that the plaintiff is a stockholder in a corporation called the New England Coal Mining Company, the stockholders of which are liable for its debts, for the reason that its officers have not made and recorded a certificate of the payment of the whole amount of the capital stock, or given notice of the amount of debts and assessments, and that he has paid a debt due from it for goods

purchased, as by an account annexed appeared, and that the
defendants are the only other solvent stockholders within the
jurisdiction of the court; and praying for a contribution.    An
amendment subsequently filed set forth that the corporation, at
the time of the payment of the debt by the plaintiff, had not,
and has not since had, any property.    The defendants demurred
to the bill, assigning reasons which appear in the opinion.

*S. E. Sewall & W. S. Davis,* (*E. Mellen & G. F. Hoar* with
them,) for the defendants, cited Gen. Sts. *c.* 60, §§ 32–34;
*St.* 1851, *c.* 315; *Denny* v. *Richardson,* 4 Gray, 274; *Gray* v.
*Coffin,* 9 Cush. 199; *Knowlton* v. *Ackley,* 8 Cush. 97; *Andrews*
v. *Callender,* 13 Pick. 484; *Richmond* v. *Willis,* 13 Gray, 180;
*Dewey* v. *Baker,* 16 Gray,     .

*P. C. Bacon,* (*F. H. Dewey* with him,) for the plaintiff.    The
members of this corporation should be placed upon the same
footing as if not incorporated.    Angell & Ames on Corp. § 611.
*Allen* v. *Sewall,* 2 Wend. 327.    *Moss* v. *Oakley,* 2 Hill, (N. Y.)
269.    *Bailey* v. *Bancker,* 3 Hill, (N. Y.) 188.    *Corning* v. *Mc-
Cullough,* 1 Comst. 47.    *Harger* v. *McCullough,* 2 Denio, 119.
The stockholder is liable for all contracts made by the company.
Gen. Sts. *c.* 60, § 17.    Has he not a right to perform such con-
tracts without the addition of costs, or waiting till stockholders
may become insolvent, die or remove from the jurisdiction of
the court ?    The effect of the voluntary payment by the stock-
holder is only to impose on him the burden of proof that the
debt was one for which the company and the stockholders were
liable.

BIGELOW, C. J.    This demurrer is well taken and must be
sustained.    The corporation named in the bill was, by the act
creating it, made subject to the provisions of Rev. Sts. *c.* 38,
relating to manufacturing corporations.    By § 32 of that chap-
ter, it was competent for any member of a manufacturing cor-
poration, who had voluntarily paid a debt of the company, to
maintain a bill in equity for contribution against the other stock-
holders who were jointly and severally liable with him for its
payment.    But this provision is repealed by the General Stat-
utes; and the only remedy expressly given to a stockholder who

makes such payment is by an action of contract against the company, under *c.* 60, § 35. This change in the statutes was probably occasioned by the alteration made by *St.* 1851, *c.* 315, in the mode in which creditors can seek their remedy against stockholders of a manufacturing corporation who are liable for the payment of its debts. Under the provisions of the Revised Statutes, the property of a stockholder was directly liable to any creditor, who might seize it on execution without previous demand on the corporation or its officers, or any attempt to levy it on the corporate property. The liability of the stockholder was direct and immediate to the creditor of the corporation. But this remedy was essentially modified by *St.* 1851, *c.* 315, the provisions of which act are embodied in Gen. Sts. *c.* 60, §§ 32–34. The creditor cannot now levy his execution immediately on the property of the stockholder. He must first demand payment of the corporation, and if he fails to obtain satisfaction of the execution, he must then levy it on the property of the officers of the corporation. It is only upon failure to satisfy the execution from their property that the judgment creditor can resort to the person or property of the stockholders. *Denny* v. *Richardson*, 4 Gray, 274. Under these provisions, a stockholder, instead of being subjected to a primary and immediate liability to a judgment creditor, as under the Revised Statutes, is only contingently and secondarily liable.

It appears to us that it would essentially contravene these provisions and defeat the manifest policy of the law, as declared and established by them, to permit a stockholder to enforce a contribution against other members of a company for money voluntarily paid by him in discharge of a corporate debt, in cases where no previous demand had been made on the corporation, and it did not appear that there was no property of the officers from which satisfaction of the debt could be obtained. The statute liability of stockholders ought not to be extended by implication beyond the limit fixed by the legislature. Such would be the effect of holding that a voluntary payment of a corporate debt by a stockholder would give him an immediate right to a contribution. It would not only enable him to

convert a contingent and incidental liability on the part of his associates to the creditors of the corporation into a direct, immediate and absolute one to himself, but it would enlarge the liability of stockholders, by conferring a right to enforce contribution for the payment of corporate debts in cases where there had been no failure or omission by the corporation or its officers to pay them on due process of law. If the voluntary payment of a debt is of itself sufficient to support a claim for contribution, it is obvious that a stockholder may compel his fellow-members to contribute to the payment of debts of the corporation for which he might never be held liable, and which would never be enforced against them. The right to enforce a contribution should be limited to cases where debts have been paid in pursuance of the statute liability, or where it is shown that a judgment and execution against the corporation and its officers would be ineffectual to obtain payment. It cannot be justly said that any claim for contribution exists, unless a debt has been paid under circumstances, which would render all the stockholders equally liable for the debts of the corporation. We do not mean to be understood as saying that a judgment and execution against a corporation, and an inability to obtain satisfaction of it out of corporate property or from the officers are essential prerequisites, in order to establish a right to contribution in behalf of a stockholder who has voluntarily paid a debt of the corporation. It is sufficient for the decision of the present case to determine that it must appear that a demand on the corporation for the payment of the debt would have been unavailing, and that no property of an officer could be found on which to levy an execution, if one had been obtained. There is no allegation in the bill that any demand was ever made on the corporation for the debt which the plaintiff has paid, or that the officers have no property which could be taken on an execution to satisfy it, if judgment had been rendered for the amount against the corporation. *Demurrer sustained*